DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Petitioner-appellant Luther Cheatham appeals the denial of his petition for postconviction relief. We affirm.
 I.
At 11:54 p.m., on September 30, 1991, someone reported that shots had been fired from a maroon Cadillac. Officers Oldaker and Fite responded to the call and saw a maroon Cadillac being operated with its lights off. Oldaker, who was driving the police cruiser, pulled the cruiser in behind the Cadillac and turned on the cruiser's lights and siren. The Cadillac stopped and an occupant jumped from the right rear passenger door of the vehicle. Fite pursued this individual on foot.
At the same time, two additional officers, Reilly and Moriarity, arrived on the scene. They parked their police cruiser in front of the Cadillac. As these officers exited their vehicle and began to approach the Cadillac, the driver of the Cadillac fired a handgun through the open window. The Cadillac then sped away as the officers fired their weapons at the Cadillac. Reilly identified Mark Wooden as the driver who had fired the first shot.
Reilly and Moriarity reentered their cruiser and, along with Oldaker, began to chase the Cadillac. During the chase the officers alleged that another shot was fired from the passenger side of the Cadillac. The chase ended when the Cadillac abruptly stopped and the three remaining occupants fled on foot. Oldaker pursued one of the suspects and later identified that person as Cheatham. Oldaker claimed that Cheatham was wearing a white jacket and light pants, and was carrying a handgun. Cheatham was not apprehended until later that morning, when he took Wooden to the hospital to obtain medical care for a bullet wound.
Terry Spear, the third occupant of the Cadillac, appears to have pleaded guilty, although the record does not disclose what the charges were. Cheatham was charged with three counts of felonious assault with firearms specifications and was found guilty on all charges. The trial court merged counts two and three for purposes of sentencing. Cheatham unsuccessfully appealed, then filed the petition for postconviction relief that is the subject of this appeal. The trial court denied the petition without holding an evidentiary hearing.
 II.
Cheatham's first assignment of error is merely a general challenge to the trial court's denial of his petition without holding an evidentiary hearing. Appellant's second and third assignments of error set forth the substantive basis for his claim of ineffective counsel. We will address the third assignment of error first.
 A. ASSIGNMENT OF ERROR III
APPELLANT WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL BY COUNSEL'S FAILURE TO PROTECT APPELLANT'S RIGHT TO A SPEEDY TRIAL, WHICH THEREBY VIOLATED APPELLANT'S RIGHTS PROTECTED BY THE SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION.
In State v. Perry (1967), 10 Ohio St.2d 175, 180, resjudicata was held to bar a defendant from raising an issue in a petition for postconviction relief that either was raised or could have been raised on direct appeal. In order to avoid the bar ofres judicata, claims for postconviction relief must rely on evidence outside the record. State v. Milanovich (1975), 42 Ohio St.2d 46,50.
On direct appeal, Cheatham was represented by new counsel. Cheatham's appellate counsel raised the issue of trial counsel's ineffectiveness, but did not specifically allege that trial counsel failed to raise the speedy trial issue. Proof of trial counsel's failure to raise the speedy trial issue would not have required Cheatham to resort to evidence outside the record — the fact of a speedy trial violation and counsel's failure to raise it should have been apparent on the face of the record. Thus, Cheatham could have raised this issue on appeal, and his subsequent attempt to do so in a petition for postconviction relief is accordingly barred by res judicata.
 B. ASSIGNMENT OF ERROR II
APPELLANT WAS DENIED THE CONSTITUTIONAL RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL BY COUNSEL'S FAILURE TO PROPERLY INVESTIGATE THE CASE AND PROPERLY PREPARE AN ADEQUATE DEFENSE.
Cheatham alleges that he was incorrectly identified at trial by Officer Oldaker as wearing a white jacket and light pants, and carrying a gun. Cheatham claims that Spear was the person wearing the white jacket and light pants, and that Oldaker had actually chased Spear and seen Spear with a gun. Cheatham contends that if counsel had properly investigated the case, counsel would have discovered the evidence that is now offered by Cheatham and could have used this evidence to refute Oldaker's identification of Cheatham.
"Before a hearing is granted, the petitioner bears the initial burden in a post-conviction proceeding to submit evidentiary documents containing sufficient operative facts to demonstrate the lack of competent counsel and also that the defense was prejudiced by counsel's ineffectiveness." State v.Jackson (1980), 64 Ohio St.2d 107, 111 (emphasis sic).
Cheatham claims to have offered sufficient supporting documentation to warrant an evidentiary hearing on this issue. Cheatham offered affidavits by both Spear and Wooden stating that Cheatham did not have a gun. Wooden's affidavit also states that Cheatham was wearing dark overalls and a long jacket, and Spear was the person wearing a white jacket and light pants. Cheatham also offered a third affidavit by Robert Wooden III stating that Robert Wooden III gave the police a description of the occupants of the Cadillac, wherein he described Cheatham as wearing strap jean overalls and a long jacket, and Spear as wearing a white jacket and light pants. Robert Wooden III was the fourth occupant of the Cadillac, who jumped from the car before the shooting started. Cheatham also submitted his inmate's personal property record stating that Cheatham was wearing bib overalls at the time he was apprehended. Cheatham also submitted the investigative report of Officer Oldaker wherein Oldaker reports chasing a person wearing a white jacket and light colored jeans. This report also contains the information provided by Robert Wooden III describing Cheatham as wearing strap jean overalls and a jean jacket, and describing a person identified only as "J" as wearing a white jacket and light pants. Oldaker's report also fails to note that the person Oldaker chased was carrying a gun. The affidavits assert, and Cheatham alleges, that his trial counsel failed to obtain these police documents during discovery and refused to interview these witnesses.
We agree with the trial court's finding that the aforementioned evidence was not sufficient to carry Cheatham's burden. The aforementioned evidence merely challenges Officer Oldaker's testimony linking Cheatham to a gun. Regardless of whether Cheatham had a gun, he admits that he remained in the car during the shooting, that he fled the scene of the crime along with Spears and Wooden, and that he assisted Wooden in procuring medical care for a bullet wound sustained during the shooting. As noted in our decision on direct appeal, "the record demonstrates sufficient evidence to support a conviction of Cheatham for complicity, in that he aided and abetted Wooden in committing felonious assault. As such, he could be punished as a principal offender. R.C. 2923.03(F)." State v. Cheatham (July 14, 1993), Summit App. No. 15576, unreported. Therefore, the evidence put forth by Cheatham is insufficient to warrant an evidentiary hearing on Cheatham's petition for postconviction relief.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this court, directing the County of Summit Common Pleas Court to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to appellant.
 Exceptions. _________________________________ DANIEL B. QUILLIN
FOR THE COURT
DICKINSON, J.
REECE, J.
CONCUR